# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>JOHNNY RAY MCATEE,<br><br>　　　　　Defendant. | No. CR 05-2005-LRR<br><br>**ORDER RE: DEFENDANT'S RENEWAL OF RULE 29 MOTION AND MOTION FOR NEW TRIAL** |

_____

# TABLE OF CONTENTS

*I.　INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

*II.　PROCEDURAL BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*III.　TRIAL EVIDENCE* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*IV.　MOTION FOR JUDGMENT OF ACQUITTAL PURSUANT TO RULE 29* . . 6
　　*A.　Standard of Review* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
　　*B.　Legal Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
　　　　*1.　Count 1* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
　　　　*2.　Counts 2 and 3* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*V.　MOTION FOR NEW TRIAL PURSUANT TO RULE 33* . . . . . . . . . . . . 11

*VI.　CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

## I. INTRODUCTION

The matter before the court is Defendant Johnny Ray McAtee's Renewed Motion for Judgment of Acquittal and New Trial (docket no. 127). In his Motion, Defendant alleges he is entitled to a judgment of acquittal because the evidence presented at trial was insufficient to support the verdicts. Defendant also alleges he is entitled to a new trial in the interest of justice.

## II. PROCEDURAL BACKGROUND

On June 8, 2005, Defendant was charged in a six-count Second Superseding Indictment with codefendants Jodie Elaine McAtee ("Jodie") and Matthew Goesse ("Goesse"). Defendant was charged in Counts 1, 5 and 6. Count 1 charges on or about March 8 and 9, 2005, all three defendants did knowingly and intentionally attempt to manufacture and aid and abet the attempted manufacture of 50 grams or more of actual (pure) methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and 18 U.S.C. § 2. Count 1 further alleges Defendant committed the offense charged after having been previously convicted of two felony drug offenses, in violation of 21 U.S.C. § 851. Count 5 charges on or about March 8 and 9, 2005, Defendant did knowingly and intentionally possess pseudoephedrine, a List I chemical, knowing and having reasonable cause to believe that the pseudoephedrine would be used to manufacture methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(c)(2). Count 6 charges on or about March 8 and 9, 2005, Defendant did knowingly and intentionally possess red phosphorous, a List I chemical, knowing and having reasonable cause to believe that the red phosphorous would be used to manufacture methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(c)(2).

On June 15, 17 and 20, 2005, Defendant was tried before a jury. To avoid

confusion, the court ordered that, going forward, Count 5 would be called Count 2, and Count 6 would be called Count 3. Defendant was personally present and represented by counsel John Broz. Assistant United States Attorney Daniel Tvedt represented the government. At the close of the government's case, Defendant made an oral motion for judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure. The court denied the motion. At the conclusion of all of the evidence, Defendant orally renewed his motion for judgment of acquittal, and the court again denied the motion. On June 20, 2005, the jury returned verdicts of guilty as to Counts 1, 2 and 3—all three Counts with which Defendant was charged. On June 27, 2005, Defendant timely filed the instant Renewed Motion for Judgment of Acquittal and New Trial (docket no. 127) under consideration here. On July 5, 2005, the government filed a Resistance to Defendant's Motion (docket no. 131). On November 2, 2005, the court held a hearing on the Motion. Defendant was personally present and represented by counsel John Broz. Assistant United States Attorney Daniel Tvedt represented the government.

### III. TRIAL EVIDENCE

The evidence presented at trial proved that on or about March 8 and 9, 2005, Defendant attempted to manufacture and aided and abetted the attempted manufacture of actual (pure) methamphetamine (Count 1) and knowingly possessed precursors (pseudoephedrine and red phosphorus) knowing that they would be used in the manufacture of methamphetamine (Counts 2 and 3). Defendant had been previously convicted of the felony offenses of conspiracy to manufacture methamphetamine in 1998 and possession of red phosphorus with intent to manufacture methamphetamine in 2002.

Jodie testified[1] that she met Defendant around December 30, 2004, and married him in mid-February 2005. Jodie testified that she helped Defendant obtain and prepare red phosphorus and pseudoephedrine, List I chemicals, and helped him finish the methamphetamine cooks. Other people contributed cash and/or precursor chemicals and supplies, and helped dispose of waste from the manufacturing operation. Jodie saw or knew of Defendant cooking methamphetamine ten to fifteen times during this period.

On March 8, 2005, Jodie and Goesse were each observed obtaining pseudoephedrine at Target in Cedar Rapids, Iowa. Officers followed Jodie and Goesse and observed them each purchasing pseudoephedrine at K-Mart and Dollar General. In the search of Jodie's vehicle twelve boxes of pseudoephedrine (35.52 grams of pseudoephedrine) Jodie and Goesse had purchased, a coffee grinder and twenty boxes of matches containing red phosphorus, all to be used in the manufacture of methamphetamine, were recovered.

On March 9, 2005, law enforcement officers executed a search warrant at the McAtees' residence located at 3238 200th Avenue, Hopkinton, Iowa. Defendant, Terry Mess, Lee Shaffer and Kami Miller were found inside the residence. During the search, officers found numerous items used in the manufacture of methamphetamine via the red phosphorus method, including iodine crystals, tincture of iodine, hydrogen peroxide, muriatic acid, two-layered liquids, Red Devil lye, Coleman fuel, Heet, red phosphorus and five cases of matches in the process of being soaked to remove red phosphorus. Officers also found a mixture or substance containing methamphetamine, 101 boxes of pseudoephedrine containing 290.88 grams of pseudoephedrine and packaging indicating that an additional 337.68 grams of pseudoephedrine had been used in the manufacture or

---

[1] On June 14, 2005, Jodie entered a plea of guilty to Count 2 of the Superseding Indictment, the only count with which Jodie was charged.

attempted manufacture of methamphetamine. The pseudoephedrine seized on March 8 and 9, 2005, would produce more than 50 grams of actual (pure) methamphetamine. Each case of matches contained 25 grams of red phosphorus.

Jodie testified that, when she left for Cedar Rapids on March 8, 2005, to buy pseudoephedrine, the following items were not in the McAtee home: (1) the five cases of matches, (2) the 101 boxes of pseudoephedrine, (3) the pseudoephedrine soaking in the freezer and (4) the stripped and soaking match books in the bedroom. Her testimony was partially corroborated by the receipts from the Cash and Carry store in Madison, Wisconsin, which show that 150 boxes of pseudoephedrine and five cases of matches were purchased there on March 8, 2005, and the testimony of the store manager who testified Defendant looked similar to the person purchasing the goods at the store. However, there was evidence that Shaffer had purchased pills for Jodie in the past and that Mess had traveled to Madison, Wisconsin, to purchase precursors for Rod Eilers, Jodie's former boyfriend.

At the time of the search, Defendant was located in the basement of the residence in the furnace room with Kami Miller. Shaffer was found in a computer room on the main floor and Mess was located in an upstairs closet. The residence contained large quantities of the ingredients needed to make methamphetamine. Officers found iodine crystals in a strainer in the sink, a bag of methamphetamine and other methamphetamine lab trash in the basement. Defendant claimed he was in the basement to fix the furnace which he asserted was not working and had no knowledge of the methamphetamine precursors or production. His defense was inconsistent with other trial evidence. Jodie testified that she had recently paid for a new shipment of heating oil and the officers all testified that the home was a comfortable temperature when they executed the warrant at 2:30 a.m. The persons found in the residence that night were dressed in shirts, T-shirts and blue jeans.

## IV. *MOTION FOR JUDGMENT OF ACQUITTAL PURSUANT TO RULE 29*

### *A. Standard of Review*

Rule 29 of the Federal Rules of Criminal Procedure provides, in pertinent part:

> [T]he court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction. The court may on its own consider whether the evidence is insufficient to sustain a conviction.

Fed. R. Crim. P. 29(a). A defendant may renew this motion following conviction. Fed. R. Crim. P. 29(c). However, it is well-settled that "[j]ury verdicts are not lightly overturned." *United States v. Hood,* 51 F.3d 128, 129 (8th Cir. 1995) (citing *United States v. Burks*, 934 F.2d 148, 151 (8th Cir. 1991)). A judgment of acquittal should only be granted "if there is no interpretation of the evidence that would allow a reasonable jury to find the defendant guilty beyond a reasonable doubt." *United States v. Gomez*, 165 F.3d 650, 654 (8th Cir. 1999).

In determining whether to grant a motion for judgment of acquittal based on the sufficiency of the evidence, the court may neither weigh the evidence nor evaluate the credibility of witnesses, as these tasks lie exclusively within the province of the jury. *United States v. Ireland*, 62 F.3d 227, 230 (8th Cir. 1995). Instead the court must "view the evidence in the light most favorable to the guilty verdict, giving the government the benefit of all reasonable inferences that may be drawn from the evidence." *United States v. Basile*, 109 F.3d 1304, 1310 (8th Cir. 1997). The court can overturn a jury's verdict only if "'a reasonable fact finder must have entertained a reasonable doubt about the government's proof'" of one of the essential elements of the crime charged. *United States v. Kinshaw,* 71 F.3d 268, 271 (8th Cir. 1995) (quoting *United States v. Nunn*, 940 F.2d 1128, 1131 (8th Cir. 1991)). Moreover, "[t]his standard applies even when the conviction

rests entirely on circumstantial evidence." *United States v. Davis,* 103 F.3d 660, 667 (8th Cir. 1996).

## B. Legal Analysis

### 1. Count 1

Count 1 charged Defendant with the crime of knowingly and intentionally attempting to manufacture, and aiding and abetting the attempted manufacture of 50 grams or more of actual (pure) methamphetamine, a Schedule II controlled substance. The jury was instructed, without objection by Defendant, that the crime charged in Count 1 has four essential elements, which are:

*One*, on or about March 8 and 9, 2005, the defendant intended to manufacture methamphetamine;

*Two*, the defendant knew that the material he intended to manufacture was a controlled substance, i.e., methamphetamine;

*Three*, the defendant voluntarily and intentionally carried out some act which was a substantial step toward the manufacture of methamphetamine; and

*Four*, the amount involved in the offense was a mixture or substance containing 50 grams or more of actual (pure) methamphetamine.

Final Jury Instr. at 13-14; *see* 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) and 846. The court further instructed the jury that Defendant could be found guilty of a lesser-included offense of Count 1 under one of the following two alternatives: (1) committing the offense as to at least 5 grams but less than 50 grams of actual (pure) methamphetamine or (2) committing the offense as to less than 5 grams of actual (pure) methamphetamine. The first three elements of the lesser included offenses were the same as the offense charged in the Indictment except for the quantity of the illegal substance. Finally, as to Count 1, the first-lesser included offense and the second-lesser included offense, the jury was instructed, without objection by Defendant, that Defendant could be found guilty of

attempting to manufacture methamphetamine even if he personally did not do every act constituting the offense charged, if he aided and abetted the attempted manufacture of methamphetamine. Final Jury Instr. at 22; *see* 18 U.S.C. § 2; 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) and 846. The jury was instructed that in order to have aided and abetted the attempted manufacture of methamphetamine, a person must:

> *One*, have known the crime of attempting to manufacture actual (pure) methamphetamine was being committed or going to be committed; and
>
> *Two*, have knowingly acted in some way for the purpose of causing, encouraging or aiding the commission of the crime of attempting to manufacture methamphetamine.

Final Jury Instr. at 22; *see* 18 U.S.C. § 2; 21 U.S.C. §§ 841(a)(1), (b)(1) and 846.

As to Count 1, Defendant argues insufficient evidence was presented at trial to support a conviction. Defendant argues the following evidence calls for overturning the guilty verdict as to Count 1: (1) law enforcement did not testify that they saw Defendant attempt to manufacture methamphetamine, (2) law enforcement did not find methamphetamine precursors on his person, in his storage locker or in his vehicle; (3) no fingerprint evidence was introduced linking Defendant to the methamphetamine precursors; (4) the government witness from the convenience store could not testify with certainty that Defendant had purchased methamphetamine precursors from his store in Madison, Wisconsin; (5) Defendant never admitted to committing the crimes charged and maintained his innocence; (6) Defendant's testimony explained the situation and (7) Jodie's testimony lacked credibility. Defendant further argues that the evidence presented at trial proved Jodie and her cohorts were entirely responsible for the methamphetamine manufacturing and Defendant was convicted on the mere evidence he was present at the scene of the crime, was Jodie's husband and had prior felony drug convictions.

The government responds the court should deny Defendant's Motion for Judgment

of Acquittal on Count 1. The government claims that the evidence was sufficient to support the jury's verdict based on the testimony of Jodie, who had witnessed her husband manufacture methamphetamine in the past, and the evidence seized during the search of Defendant's residence on March 8, 2005.

The court finds sufficient evidence was presented at trial to support the jury's determination that Defendant is guilty of the crime charged in Count 1 of the Indictment. Jodie testified she had observed her husband, the Defendant, cooking methamphetamine numerous times between December of 2004 and February of 2005. On March 8, 2005, law enforcement officers approached Jodie in a K-Mart and Dollar General parking lot after witnessing her purchase several boxes of pseudoephedrine. Immediately upon arrest, Jodie explained to officers that the pseudoephedrine was going to be used by her husband to manufacture methamphetamine. Later she admitted she was going to use the pseudoephedrine to manufacture methamphetamine independent of him.

Based on the information provided by Jodie, law enforcement officers obtained a warrant to search the McAtee residence. At Defendant's residence, law enforcement found four individuals: Defendant, Shaffer, Mess and Miller. During the search, law enforcement officers discovered numerous items used in the manufacture of methamphetamine, including iodine crystals, tincture of iodine, hydrogen peroxide, one gallon of muriatic acid, two-layered liquids in jars, Red Devil lye, Coleman fuel, Heet, red phosphorus, fifty boxes of match books and five cases of matches in the process of being soaked to obtain red phosphorus. Law enforcement officers testified that they found 101 boxes of pseudoephedrine and empty pseudoephedrine packaging for an additional 337.68 grams of pseudoephedrine. Jodie testified that the methamphetamine manufacturing items discovered by law enforcement officers were not in the residence when she left for Cedar Rapids on March 8, 2005. Jodie's testimony was corroborated

by both a receipt dated March 8, 2005, and an employee from the Madison Wholesale Company indicating that a man who looked like Defendant was in the store on that date and purchased the items discovered by officers.

Viewing the evidence in the light most favorable to the guilty verdict, and giving the government the benefit of all reasonable inferences, the court finds the evidence was sufficient to support the jury's verdict of guilty as to Count 1. The court instructed the jurors that they alone could determine the weight and value of the evidence presented to them. Final Jury Instr. at 6. Furthermore, Defendant's assertion that Jodie's testimony lacked credibility and, therefore, is not sufficient to support the jury's verdict is meritless. In determining whether to grant a motion for judgment of acquittal based on the sufficiency of the evidence, the court may not evaluate the credibility of the witnesses as this task lies exclusively within the province of the jury. *Ireland*, 62 F.3d at 230. The court does not find that a reasonable fact finder would have had a reasonable doubt as to Defendant's guilt as to the crime charged in Count 1. Defendant's arguments do not "raise a doubt so persistent as to cloud the presumed validity of a jury verdict." *United States v. Swayne,* 700 F.2d 467, 472 (8th Cir. 1983). Accordingly, the court will not overturn the jury's verdict as to Count 1.

### 2. *Counts 2 and 3*

Count 2 charged Defendant with the crime of knowingly possessing pseudoephedrine, a List I chemical, knowing and having reasonable cause to believe that the pseudoephedrine would be used to manufacture methamphetamine, a Schedule II controlled substance. Count 3 charged Defendant with knowingly possessing red phosphorous, a List I chemical, knowing and having reasonable cause to believe that the red phosphorous would be used to manufacture methamphetamine, a Schedule II controlled substance. The jury was instructed, without objection by Defendant, that the

crimes charged in Counts 2 and 3 have two essential elements, which are:

*One*, on or about March 8 or 9, 2005, the defendant knowingly possessed pseudoephedrine, a List I chemical [Count 2] and red phosphorous, a List I chemical [Count 3]; and

*Two*, the defendant knew or had reasonable cause to believe that the pseudoephedrine [Count 2] and red phosphorous [Count 3] would be used to manufacture a controlled substance, to wit: methamphetamine.

Final Jury Instr. at 24-25; *see* 21 U.S.C. § 841(c)(2).

Viewing the evidence in the light most favorable to the guilty verdicts and giving the government the benefit of all reasonable inferences, the court finds there is sufficient evidence in the record to support the jury's verdicts of guilty on Counts 2 and 3. Defendant's arguments do not "raise a doubt so persistent as to cloud the presumed validity of a jury verdict." *Swayne,* 700 F.2d at 472. Accordingly, the court will not overturn the jury's verdicts as to Counts 2 and 3.

## V. MOTION FOR NEW TRIAL PURSUANT TO RULE 33

Federal Rule of Criminal Procedure 33 provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33. Under Rule 33, district courts are granted broad discretion in considering motions for a new trial. *United States v. Wilkins*, 139 F.3d 603, 604 (8th Cir. 1998). A district court may "weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict." *United States v. Campos*, 306 F.3d 577, 579 (8th Cir. 2002) (quoting *White v. Pence*, 961 F.2d 776, 780 (8th Cir. 1992)). However, unless the district court "ultimately determines that a miscarriage of justice will occur, the jury's verdict must be allowed to stand." *Id.* (citing *United States v. Lacey*, 219 F.3d 779, 783 (8th Cir. 2000)); *see also Ortega v. United States*, 270 F.3d 540, 547 (8th Cir. 2001) (noting that a district court may grant

a new trial under Rule 33 "only if the evidence weighs heavily enough against the verdict that a miscarriage of justice may have occurred").

The Eighth Circuit Court of Appeals has noted that district courts enjoy more latitude in granting new trials under Rule 33 than in granting motions for acquittal under Rule 29. *Campos*, 306 F.3d at 579. However, "[m]otions for new trials based on the weight of the evidence are generally disfavored," and, therefore, district courts should exercise their Rule 33 authority "sparingly and with caution." *Id.*; *see also United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir. 1980).

Defendant contends that a new trial is warranted "in the interest of justice," but does not articulate specific arguments beyond those made in support of his Renewed Motion for Judgment of Acquittal, as discussed in Part IV *supra*.

The government resists Defendant's prayer for a new trial. The government argues that the evidence presented at trial showed that Defendant was involved in the manufacture of methamphetamine, and possessed precursors (pseudoephedrine and red phosphorus).

The court thoroughly reviewed the record. The court finds the government presented substantial evidence at trial of Defendant's involvement in manufacturing methamphetamine on the dates charged, as discussed in Parts III and IV.B, *supra*. The court finds the evidence does not preponderate against the verdicts to a sufficient degree so that it could conclude a miscarriage of justice occurred. Accordingly, the court finds the interest of justice does not warrant granting Defendant a new trial.

## *VI. CONCLUSION*

For the reasons stated above, the court **DENIES** Defendant Johnny Ray McAtee's Renewed Motion for Judgment of Acquittal and New Trial (docket no. 127).

**IT IS SO ORDERED.**

DATED this 16th day of November, 2005.

                                        LINDA R. READE
                                        JUDGE, U. S. DISTRICT COURT
                                        NORTHERN DISTRICT OF IOWA